[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11984
Non-Argument Calendar

_____

D. C. Docket No. 05-80098-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DARIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 21, 2006)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Antonio Darias appeals his 72-month sentence imposed after he was

convicted by a jury for nine counts of smuggling aliens into the United States for

financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). The presentence

investigation report ("PSI") calculated his advisory guideline range as 30 to 37

months, based on his offense, the number of persons smuggled, and a two-level

enhancement for obstruction of justice. However, a statutory mandatory minimum

applied, making his guideline range sentence 60 months, pursuant to U.S.S.G. §

5G1.1(b).[1] The government moved for an upward departure pursuant to U.S.S.G.

§§ 5K2.0(a)(1)(A) and 5K2.21, or in the alternative an upward variance based on

the sentencing factors in 18 U.S.C. § 3553(a). The government based this motion

on Darias's obstruction of justice after his indictment for the smuggling offense.

At sentencing, the district court found that Darias had obstructed justice,

justifying the two-level enhancement. The court also found that Darias's

obstruction of justice bore on the nature and circumstances of the offense. The

court then imposed a sentence of 72 months. The court never ruled on the upward

departure motion.

On appeal, Darias argues that the district court was not authorized to adjust

his sentence based on § 3553(a) factors, because a mandatory minimum applied.

He further argues that the district court erred by departing from the guideline range

---

[1]"Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. §5G1.1(b).

without properly ruling on the government's upward departure motion. He also argues that his constitutional rights were violated by the district court's variance based on uncharged conduct, which was not decided by a jury or proven beyond a reasonable doubt. Finally, he asserts that his characteristics and the nature of the offense made any departure from the 60 month guideline sentence unwarranted.

We review a district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Cartwright*, 413 F.3d 1295, 1298 (11th Cir. 2005) (per curiam), *cert. denied*, 74 U.S.L.W. 3393 (2006). We review a defendant's ultimate sentence for reasonableness, in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006). However, where a defendant raises a sentencing argument for the first time on appeal, we review only for plain error. *United States v. Shelton,* 400 F.3d 1325, 1328 (11th Cir. 2005). Under plain error review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *Id*. at 1328-29. If these three prongs are met, we may exercise our discretion to notice the error but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 1329.

Darias argues that the district court erred by varying his sentence based on the § 3553(a) factors because the "[e]xcept as otherwise specifically provided"

3

language of § 3551(a) prevents their consideration where a mandatory minimum applies. We find no merit to this argument. After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), a district court is required to consider the § 3553(a) factors in fashioning a reasonable sentence. Although the sentencing statute limits the court's authority to impose a sentence below the statutory minimum, it does not limit the court's authority to impose a sentence above the minimum. *See* 18 U.S.C. § 3553(e) and (f). Therefore, the court did not err in varying based on the § 3553(a) factors.

Darias also argues that the district court erred by not ruling on the government's motion for upward departure. Since Darias did not object at sentencing, we review only for plain error. An error is plain when it is obvious or clear under current law. *United States v. Baker*, 432 F.3d 1189, 1207 (11th Cir. 2005). After *Booker*, a district court is no longer required to sentence within the range provided by the Sentencing Guidelines, but it is still obligated to correctly calculate that Guideline range. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam). We have held that the "application of the guidelines is not complete until the departures, if any, that are warranted are appropriately considered." *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005). The district court was required to consult the correctly calculated guideline. Because

4

there was no ruling on the government's upward departure motion, it could not do so. Not consulting the correctly calculated range is plain error. Nevertheless this error was not prejudicial, because even assuming that an upward departure was not warranted, the district court could, and did, vary the sentence using § 3553(a) factors. Thus, there is no evidence that had the court ruled on the government's motion that Darias's sentence would be different.

Next, Darias raises, for the first time, a constitutional objection to the use of his obstruction of justice to enhance his sentence. He argues that if such an offense is sufficient to warrant a significant sentence enhancement, the Constitution may require that such conduct be prosecuted and proven beyond a reasonable doubt. We disagree. Darias admitted to the underlying facts by not objecting to them in the PSI report. *Shelton*, 400 F.3d at 1330 (holding that factual findings set forth in a PSI not objected to by a defendant are deemed admitted). Post-*Booker*, this circuit has continued to allow the district court to consider relevant conduct, including that for which the defendant was not charged or acquitted, for enhancements under the sentencing guidelines, so long as the conduct is proven by a preponderance of the evidence. *See United States v. Faust,* 456 F.3d 1342, 1347 (11th Cir. 2006). Therefore, the district court did not commit a clear or obvious error in relying on such conduct to vary Darias's sentence.

Finally, Darias argues that neither his offense nor his characteristics warranted a sentence above the statutory mandatory minimum. In addition, he maintains that the court did not explain why it imposed a sentence outside the guideline range. We review sentences under the advisory guideline regime for reasonableness. *Booker*, 125 S. Ct. at 765. Reasonableness review is deferential, requiring us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d at 788. While the district court must consider the § 3553(a) factors, it is not required to state explicitly that it has done so or to discuss each factor on the record. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). It is sufficient for the court to state the it has considered the defendant's sentencing arguments and § 3553(a) factors. *Id.* at 1330. Darias bears the burden of establishing that his sentence is unreasonable in light of the record and § 3553(a) sentencing factors. *Talley*, 431 F.3d at 788.

After the imposition of the statutory minimum, the guideline range sentence became 60 months, pursuant to U.S.S.G. § 5G1.1(b). The district court could impose an upward variance after considering the § 3553(a) sentencing factors. *See United States v. Eldick*, 443 F.3d 783, 789 (11th Cir. 2006) (per curiam). The district court clearly considered the § 3553(a) sentencing factors and imposed a

6

reasonable sentence. The court reasoned that Darias's three attempts to obstruct justice were related to his history and characteristics, and the nature and circumstances of his offense. The court also stated that it had considered the sentencing factors. The court did not need to address every argument for a variance on the record, and given Darias attempts to evade punishment, the district court's decision was not unreasonable.

Upon a review of parties' arguments and the record on appeal, we can discern no reversible error, and therefore we affirm the decision of the district court.

**AFFIRMED.**